Richard M. BURGESS, Jr., Appellant,

v.

ANCILLIARY ACCEPTANCE CORPO-RATION et al., Appellees.

No. 6523.

Court of Civil Appeals of Texas, El Paso.

Nov. 10, 1976.

Rehearing Denied Dec. 1, 1976.

Gilliland & McNeel, Albert M. McNeel, Jr., San Antonio, H. R. Hohenberger, Houston, for appellant.

LeLaurin, Adams, Eichelbaum & Sanders, P. C., Arch G. Adams, John S. Warren, San Antonio, for appellees.

## OPINION

WARD, Justice.

This is an appeal from an order dismissing the Plaintiff's suit where the special appearance of two foreign corporate Defendants contested jurisdiction under the provisions of Rule 120a, Tex.R.Civ.P. The question presented is whether the evidence developed at the hearing can take the place of the necessary allegations as to the mode of service of process which are required to be in the Plaintiff's petition under Article 2031b, Sec. 3, Tex.Rev.Civ.Stat.Ann. We affirm the judgment of dismissal.

This is a suit for usury. Dr. Richard M. Burgess alleged that on January 25, 1973, he borrowed $20,000.00 from the Defendant, Ancilliary Acceptance Corporation, an Arizona corporation, and executed a series of instruments including a sale and a lease-back of his office furniture whereunder over a five-year period he agreed to lease the property for the sum of $41,250.00; that the lease was assigned on the same day by Ancilliary Acceptance to the Defendant, U. S. Thrift Leasing Corporation, an Arizona corporation, and that the lease procedure was a fraud to avoid the usury laws of Texas; that thereafter, Dr. Burgess paid to U. S. Thrift Leasing Corporation 18 payments of $687.50, until September, 1974, when he quit paying and brought suit for usury under Article 5069–1.06(2), Tex.Rev. Civ.Stat.Ann. In his petition, the Plaintiff alleged that both foreign corporations were doing business in the State of Texas, they did not have any resident agent, they did not obtain a certificate of authority to do business in the State of Texas, and service of process should be had on the Secretary of State of the State of Texas in accordance with Article 2031b.

Each Defendant thereafter appeared by special appearance under Rule 120a and alleged that they were not amenable to process of the Texas Court as each was an Arizona corporation, and each had been served with citation in the cause by service upon the Secretary of State of Texas without the allegation of sufficient jurisdictional facts, and that each did not have with regard to this cause those minimum contacts with the State of Texas which would constitutionally support jurisdiction over each Defendant. After the hearing, the contest was sustained. Upon request, findings of fact and conclusions of law were filed.

The first point of the Appellant is to the effect that the trial Court committed error in basing its order of dismissal on defects in the pleadings, as the requirements of Article 2031b were met by the evidence and admissions of the Defendants

at the hearing. The Appellant concedes that his pleadings were defective in that they failed to allege specifically that the Defendants did not maintain a regular place of business in the State of Texas, and that the defect in the allegations would prohibit a default judgment. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965). At the hearing, it was developed that each Defendant had no employee in the State of Texas, maintained no regular place of business in the State, had no resident or designated agent in the State, and had no certificate of authority to do business in the State. The Appellant argues that having proved as a fact all necessary requisites for service upon the Secretary of State, and the Defendants not having excepted to the petition, Rule 90, Tex.R.Civ.P., should apply and the trial Court should have overruled the plea. This contention is unsound as the motion pointed out the defects, the motion was sustained, and the cause was dismissed. Rule 90 has no application. To adopt the rule proposed by the Appellant would destroy the purpose of the special appearance and would penalize the diligent by favoring the defaulter who could upon appeal secure a reversal. This Court had already held that the lack of the necessary affirmative allegation under Article 2031b was reason enough to sustain the motion objecting to the process under Rule 120a. *Curry v. Dell Publishing Company,* 438 S.W.2d 887 (Tex. Civ.App., El Paso 1969, writ ref'd n. r. e.). While not specifically passed on, the facts were established in that hearing which justified the service on the Secretary of State. The Appellant's first point is overruled.

The trial Court's action being correct in sustaining the Appellees' complaints regarding the defective pleading on the Rule 120a hearing, we do not reach the Appellant's second point which discusses the question of whether or not the Appellees were "doing business" in Texas. The judgment of the trial Court is affirmed.